WALTER A. MOOREHEAD AND ANOTHER *vs.* A. ORR AND OTHERS.

The administrator of a deceased guardian has no authority to make invest-
ments of the wards' funds; nor can he discharge the general indebtedness
of the guardian to his ward by setting apart certain effects of the guar-
dian's estate for that purpose.

Where a guardian dies indebted to his wards, and they seek to charge real
estate, of which he died seized, specifically with their claim, on the ground
that he used their funds in paying for it, other creditors of the guardian
are interested, and must be made parties, or called in by order.

BEFORE THOMAS, J., AT UNION, AUGUST TERM, 1869.

The bill in this case was filed on 10th April, 1867, by the plain-
tiffs, against the administrators of William G. Moorehead, deceased,
late guardian of the plaintiffs, and the sureties on his guardianship
bond, for an account of the estate of the wards which came to the
hands of the guardian, and to subject certain real estate, of which
he died seized, specifically to the plaintiffs' claim, on the ground
that the funds of the plaintiffs had been used by the guardian in
paying for the same.

It appeared, from the pleadings and the evidence, that William
G. Moorehead died intestate in 1863, and that the wife of the de-
fendant, A. Orr, who was his widow, administered on his estate;
that he became the guardian of the plaintiffs in the year 1858, and
shortly afterwards received their estates; that he used their funds,
and, at the time of his death, was indebted to them for the whole
corpus of their estates; that he was the owner of certain notes
which he kept for the purpose of meeting the claims of his wards;
that, after his death, his administratrix set apart the same notes for
the same purpose; that they were afterwards paid to her in Con-
federate money; and that, in March, 1864, she invested $3,000, the
proceeds of the notes, in 4 per cent. bonds of the Confederate
States, for the use of the plaintiffs, who then were, and still are,
minors.

Some evidence was given upon the point whether the intestate
had used the funds of his wards in the purchase of a plantation, of
which he died seized, which it is not deemed necessary to state.

The principal question made in the case was, whether the defend-
ants were entitled to a credit, on the guardianship account, for the
$3,000 invested by the administratrix in Confederate 4 per cent.
bonds.

The Commissioner of the late Court of Equity, to whom the accounts had been referred by that Court, submitted a report, dated 2d June, 1868, whereby he charged the defendants with the whole amount of the funds which came to the hands of the intestate as guardian, less certain expenditures made by him, and reported that the amount due Walter A. Moorehead, one of the plaintiffs, on the 1st January, 1868, was $2,159.89, and that the amount due Violet P. Moorehead, the other plaintiff, on the same day, was $2,346.34.

The plaintiffs excepted to the report, because the Commissioner failed to declare the land purchased by the intestate specifically liable for the amounts due to them, the same having been paid for with their money.

The defendants also excepted to the report, because the defendants ought to be credited with the $3,000 invested in Confederate bonds for the use of plaintiffs.

His Honor the presiding Judge overruled the exception of the plaintiffs, and sustained that of the defendants, and made an order "that the defendants have credit for the $3,000, as claimed by them."

The plaintiffs appealed, and now moved this Court to reverse the decision of the Court below upon both points. The grounds of appeal it is not deemed necessary to state.

*Shand*, for appellants.

1. Guardian is a trustee.—*Spear* vs. *Spear*, 9 Rich. Eq., 200.

2. Guardian has no powers which are transmissible to his legal representative.—Brightley's Digest, p. 419, No. 58; *Floyd* vs. *Priester*, 8 Rich. Eq., 251.

3. The formalities required in the appointment show that guardianship is not the incident of an office.—12 Stat., 47.

II. But, suppose administrator of guardian had such power:

1. She could not (in this case) distinguish the ward's funds.

2. If the guardian used his ward's funds for his own advantage, or for his own purposes, or commingled them with his own, or lost them through neglect to invest, he can be discharged of liability only by payment.—*Mumford* vs. *Murray*, 6 Johns. Ch., 6; *Freeman* vs. *Fairlee*, 3 Meri., 41; Hill on Trust., 376; 2 Story's Eq. Juris., § 1270; 2 Kent, 229, 30; *McNeil* vs. *Morrow*, Rich. Eq. Cas., 172; *Spear* vs. *Spear*, 9 Rich. Eq., 199; *Hart* vs. *Ten Eyck*, 2 Johns.

20

Ch., 108; *Utica Ins. Co.* vs. *Lynch,* 11 Paige, 520 ; Lewin on Trusts, 335, et seq.

3. And if decision in *Sweet* vs. *Sweet* (Sp. Eq., 309) is correct, still nothing could discharge but payment.

III. If Judge is correct, still the Act of 1861 applied only to 8 per cent bonds.

*Bobo,* contra.

*Munro,* in reply.

It is the duty of a guardian, immediately upon his appointment, to invest funds for ward ; and to use them for his own purposes is a breach of trust.—2 Story, § 1353; *Spear* vs. *Spear,* 9 Rich. Eq., 194; Adams' Eq., p. 33, n., § 143.

Having received the funds, the burden is upon the guardian to show a proper investment.—1 Story's Eq. Juris., § 468; *Lupton* vs. *White,* 15 Ves., Jr., 432.

The Court of Equity, in 1864, would never have permitted an investment of trust funds in 4 per cent. bonds of Confederate States of America.

March 23, 1870. The opinion of the Court was delivered by

WILLARD, A. J. Complainants, infants, by their next friend, have filed their bill against the defendants, Orr and wife, as administrators of W. G. Moorehead, their deceased guardian, for an account of trust funds, and, also, to charge certain real estate, alleged to have been purchased by the guardian with trust moneys, should such charge be found advantageous to them.

W. G. Moorehead became their guardian June 15th, 1859. He received, from time to time, moneys belonging to his wards, and died intestate, in 1863, having made no investment thereof. He was, at the time of his decease, chargeable with having loaned the trust funds to himself, and liable to account for the funds, principal and interest, that had come into his hands as guardian. His administrators seek to discharge this liability by showing that, among the effects of the intestate that came to their hands, were certain notes which the intestate guardian had, during his lifetime, held apart, intending them as a fund to discharge his liability to his wards. That they had received payments in these notes in Confederate currency, and had subsequently invested such currency in

Confederate bonds, acting under what they regarded as judicious advice, and in order, as they allege, to save the fund from loss.

The duty of the administrators was to pay the debt due from the intestate's estate to the complainants. This they have not done, unless they can maintain the proposition that they had authority to set apart certain effects of the intestate estate to answer the complainant's demand, and to discharge the residue of that estate from liability on account of such demand; nor, unless they can show the further right to convert such appropriated effects into Confederate securities at the risk of the wards.

To make good either of the propositions last stated, they must have derived, as administrators of the guardian, authority to convert the trust fund by investment or otherwise. No such authority passed to them under the letters of administration. The authority of the guardian, in this respect, was a power based on personal trust and confidence, and cannot arise or result from a right to administer an intestate estate.

The administrators, having no authority to change the demand as it existed at the decease of the intestate, must be held to account for the fund, as ascertained by the report of the Commissioner.

As it regards the question of the liability of the real estate, under the charge that it was purchased wholly, or in part, with the money of the wards, it does not appear that that question is involved in the case, as it stands before us. Unless there are creditors of the estate of W. G. Moorehead having unsatisfied demands against the effects, the demand of the complainants will be entitled to satisfaction out of the entire estate, real and personal. Should there be creditors of that estate—a fact that does not appear from the case before us—such creditors have an interest and a right to be heard on that question.

Should that question hereafter arise upon an amendment of the complainants' bill, or under an order bringing in the creditors, it will be competent for the Circuit Court to answer it.

It is ordered, adjudged and decreed, that so much of the decree of the Circuit Court as sustains the exceptions of the defendants, and so much thereof as orders that the defendants have credit for the sum of three thousand dollars, as claimed by them, be reversed and set aside.

And it is further adjudged and decreed, that there is due from the defendants, Archibald Orr and Alsamina F., his wife, to the complainant, Walter A. Moorehead, the sum of two thousand one

hundred and fifty-nine dollars and eighty-nine cents, with interest on so much thereof as was the amount of principal ascertained by the Commissioner to be due on the first day of January, A. D. 1868.

It is further adjudged and decreed, that there is due from the defendants, Archibald Orr and Alsamina F., his wife, to the complainant, Violet P. Moorehead, the sum of two thousand three hundred and forty-six dollars and thirty-four cents, with interest as to so much thereof as was the amount of principal ascertained by the Commissioner to be due on the said first day of January, A. D. 1868.

It is further adjudged and decreed, that the defendants, J. G. McKissick and Jonathan B. Edwards, are liable to the complainants, respectively, upon their bonds, as set forth in the pleadings, to the amounts hereinbefore adjudged to the said complainants, respectively, as against the defendants, Archibald Orr and Alsamina F., his wife; and it is ordered, that the complainants have execution for the sums hereinbefore adjudged to be due against the said defendants, Archibald Orr and Alsamina F., his wife, and the defendants, J. G. McKissick and Jonathan B. Edwards.

And it is further ordered, adjudged and decreed, that the creditors of the estate of William G. Moorehead be called in, under the direction of the Circuit Court, and that the defendants, Archibald Orr and Alsamina F., his wife, do account for the estate of the said William G. Moorehead, deceased, as to such assets thereof as have come into their hands, or with which they are chargeable, under the direction of the Circuit Court; and if it shall appear that there are no other outstanding demands against the estate of their intestate, that they pay over to the complainants the amounts respectively due them, as hereinbefore adjudged; and if the personal estate of the said William G. Moorehead shall be insufficient to discharge the demands established by this decree, that the real estate of which the said William G. Moorehead died seized be sold under the orders and direction of the Circuit Court, for the satisfaction thereof.

And it is further ordered, adjudged and decreed, that this cause be remanded to the Circuit Court for such orders as may be necessary for the purpose of carrying into effect this decree, and for the determination of all matters not settled by this decree, and also for the adjudication of any questions that may arise hereafter between the complainants and any creditor or creditors of the said estate, as

to their respective priorities of demand as to the proceeds of the real estate of which the said William G. Moorehead died seized, by reason of the matters charged in the bill of complaint.

*Moses*, C. J., concurred.